Name & No: Freddie Flores #01088-093
Taft Correction Institution
P.O. Box 7001
Taft, CA 93268-7001
Defendant In Pro Se



FILED
DISTRICT COURT OF GUAM

NOV 12 2014

JEANNE G. QUINATA
CLERK OF COURT

## UNITED STATES DISTRICT COURT

### DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br>FREDDIE FLORES ,<br>Your Name<br>    Defendant. | Case No. 1:95 CR 00034-001<br><br>MOTION FOR REDUCTION OF<br>SENTENCE PURSUANT TO<br>RETROACTIVE AMENDMENT 782<br>TO THE U.S. SENTENCING<br>GUIDELNE 1B1.10 AND<br>18 U.S.C. 3582(c) |

To the Court and to the United States Attorney. I hereby move the Court for a reduction of my sentence in light of Amendment 782 to the U.S. Sentencing Guidelines. Amendment 782 retroactively amends the U.S.S.G and permits the Court to reduce the applicable guideline level and to resentence the defendant at the lowered Guideline Range.

"As a general matter, courts may not alter a term of imprisonment once is has been imposed." *U.S. v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007). However, 18 U.S.C. 3582(c)(2) creates an exception to this rule by allowing a modification of a term

of imprisonment if: 1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Whether to grant such a reduction lies within the discretion of the Court, *U.S. v. Townsend*,98 F.3d 510, 512 (9th Cir.1996)("[t]he decision whether to reduce a sentence under section 3582 is within the discretion of the District Court Judge"). In determining whether, and to what extent, such a reduction of a defendant's term of imprisonment is warranted, the court **shall** determine the amended guideline range and apply it as if it had been in effect at the time the defendant was sentenced. U.S.S.G.1B1.10(b)(1).

U.S.S.G 1B1.10 provides that, where the guideline range applicable to a defendant has been subsequently lowered as a result of an amendment to the guidelines listed in U.S.S.G. 1B1.10(c), a reduction of the defendant's term of imprisonment is authorized under 18 U.S.S.G. 3582(c)(2). Amendment 782 is Retroactive as of November 1, 2014 and is now listed as a Retroactive Amendment pursuant to U.S.S.G. 1B1.10(c). In *U.S. v. Pleasant*,704 F.3d 808, 810 (9th Cir. 2013) the court found that "A defendant is eligible for a sentence reduction if two prongs are satisfied: (1) that sentence is based on a sentencing range

2

that has subsequently been lowered by the Sentencing Commission, and 2) such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

In the present case, the sentencing range applicable to me has been lowered by Amendment 782. This requires the Court to exercise its discretion in reducing my sentence to the term that would have been imposed had Amendment 782 been in force when I was sentenced.

To the extent that my sentence was based on a plea agreement, the agreement did not foreclose my ability to seek a resentencing based upon a future change to the Guidelines that were then unknown to me or to the Government or to the Court.

In applying 18 U.S.C. 3582(c)(2) the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] 3553(a)," *Dillon v. U.S.* 560 U.S. _____, 130 S.Ct. 2683(2010). In *Freeman v. U.S.* 564 U.S.____, 131 S.Ct.2685 (2011) the court found that "Section 3582(c0(2) modification proceedings should be available to permit the District Court to revisit a prior sentence to whatever extent the sentencing range was a relevant part of the analytical framework the judge used to determine the sentence or to approve the [plea] agreement"... "require[s] the conclusion that the district court has the authority to entertain the section 3582(c)(2) motion when sentences are

3

imposed in light of the guidelines, even if the defendant enters into an 11(c) (1) (C) agreement". "Even when a defendant enters into an 11(c)(1)C) agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines and when it is, the defendant should be eligible for section 3582(c)(2) relief."

In *U.S. v. Fox* 631 F.3d 1128, 1132 (9th Cir.2011), the court found that "the only appropriate sentencing modification proceedings under section 3582(c)is to adjust a sentence in light of a guideline amendment, and that section 3582(c) cannot appropriately be used as a 'full resentencing' that reconsiders a sentence based on factors unrelated to a retroactive guideline amendment. U.S.S.G. 1B1.10(a)(3)((policy statement) (citing to *U. S. v. Dillon* 130 S.Ct. 2683 (2010), "section 3582(c)(2)'s text together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary sentencing proceeding." The policy behind the Retroactive Amendment favors a substantial reduction in this case, see *Freeman* supra 131 S.Ct. at 2690 (plurality opinion)("There is no reason to deny [18 U.S.C.] section 3582 relief to a defendants who linger in prison pursuant to sentences that would not have been imposed but for a since-rejected, excessive range"). This policy supports this court granting the reduction in my sentence in order to assure

4

that I do not linger in prison pursuant to a sentence that would not have been imposed but for the since-rejected excessive range, in light of Amendment 782.

In determining the reduction of imprisonment due to a retroactive amendment, U.S.S.G. 1B1.10(b)(2) provides: "In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determinations, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applicable when the defendant was sentenced, and shall leave all other guideline application decisions unaffected."

The Commentary Application Notes to U.S.S.G. 1B1.10, section 1B(iii) provides that the court may consider post sentencing conduct in evaluating whether to grant a reduction of sentence as a result of a retroactive U.S.S.G. 1B1.10 amendment. It states: "(iii) Post Sentencing Conduct-The court may consider post sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is

5

warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)."

In *Pepper v. U.S.* 131 S.Ct. 1229, 1242 (2011) the Supreme Court held that a Federal District Court resentencing a defendant may rely on the defendant's rehabilitation efforts following the initial sentencing to deviate downward from the recommended guidelines range. In the present case I have participated in the following rehabilitation activities: (list all classes, certificates, awards, degrees, etc. you have obtained while incarcerated):

I have completed the following programs: 100 Hours Basic Conversational Spanish 1-27-1999; Advanced Conversational Spanish 6-9-1999 40 Hour Drug Education Choice and Change Program 7-13-1999; Adult Basic Education 9-21-2001; Certificate of Completion for 10 weeks of Anger Management Program-Cage Your Rage-1-28-2004; 10 weeks of Examination and Discussion of Techniques for the Management of Anger 3-02-1995; Beginning Cross Stitch Class 8-26-2009; Walking Course 10-22-2004; Adult Continuing Education Refresher Writing Course 10-18-2010; Alcoholics Anonymous Course 1-3-11 to 3-21-11; Alcoholics Anonymous Course 3-21-2011-6-13-2011; Alcoholics Anonymous Course 9-5-2011-11-28-2011; Herbology Program 12-21-2012; Beginning Arabic Language Course 2-5-2013; Health and Wellness Program 3-36-2013; Herbology 2 Course 7-29-2013; Leisure Library Reading Program 7-31-2013; Health and Wellness Course 8-13-2013; Leisure Library Reading Program 9-23-2013 (each certificate signifies that I have read 10 Leisure books for each certificate); Beginning Crochet Course 11-20-2013; Leisure Library Reading Program 12-30-2013; Beginning Crochet Course 5-28-2014; Health and Wellness Course 3-11-2014; Health and Wellness Course 5-28-2014.

These rehabilitation efforts merit substantial weight in favor of a reduction of my sentence.

Since it is established that I am eligible for a sentence reduction, the next question is whether a reduction is warranted considering the factors set forth in 18 U.S.C. 3553(a). Among the factors to be considered are: "the nature and circumstances of the offense, and the history and characteristics of the defendant," "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," "and the need for the sentenced imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", "to protect the public from future crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. 3553(a).

In addition to the section 3553(a) factors, the court must consider "the nature and seriousness of the offense and the danger to any person or the community that may be posed by a reduction of the defendant's term of imprisonment." It may consider in this regard, the "post sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." See U.S.S.G. 1B1.10, Application Notes (1)(B)(ii)

and (iii). See *U.S. v. Lightfoot* 626 F.3d 1092, 1096 (9th

Cir.2010.

Due to the changes made by Retroactive Amendment 782, it is

appropriate for the court to substantially reduce my sentence.

Dated: November 1, 2014                    Respectfully Submitted

                                           *Freddie R Flour*
                                           Freddie Flores
                                           Sign Your Name Above

## PROOF OF SERVICE

On November 1, 2014 _____ , 2014 I served a copy of this Motion
on the U.S. Attorney and to the Clerk of my Sentencing Court by
depositing same in the outgoing U.S. mails, 1st Class postage
prepaid and addressed to:

Clerk of Court                      United States Attorney
United States District Court        Address:
Address:                              520 W. Soledad Ave.
 520 W. Soledad Ave. 4th Fl.
City/State/Zip:                     City/State/Zip:

 Hagatna, GU 96910-4950              Hagatna, GU 96910-4950


                                    *Freddie R Flour*
                                    Signature of person who did mailing

8

AGREEMENT TO PARTICIPATE IN THE BUREAU OF PRISONS DRUG EDUCATION
COURSE

The Federal Bureau of Prisons offers a full range of drug
education and treatment programs for inmates with alcohol and
other drug abuse problems. Bureau of Prisons Staff commit to
providing quality drug abuse programming to inmates who choose to
participate in any one of these program options. Inmates who
choose to participate in any of the Bureau's drug programs must
acknowledge and agree to a number of program rules and policies
prior to admission.

All program participants agree to participate in
classes/counseling/group sessions as designated by the BOP
Psychology and Drug Treatment Staff.

All program participants agree to refrain from any behavior
disruptive to the program or to the participants and staff of the
program.

All program participants agree to complete all tasks as assigned.

All program participants agree to take part in the program
activities, including group work and homework as assigned.

All program participants agree to accept responsibility for not
disclosing inmate information.

All program participants have been informed and understand that
they may be expelled from the program for failure to comply with
program rules and regulations. Ordinarily, immediate expulsion
will result if the participant, pursuant to an incident report is
found by the DHO to have: 1) Used or possessed alcohol or
drugs; 2) Been violent or threatened violence against staff or
another inmate; or 3) committed a 100 series prohibited act.

In addition to the agreements listed above, I understand that if
I am required to participate in drug education, and then if I
withdraw, am expelled, or fail to meet the program requirements,
I will be restricted to the lowest pay grade while in the
institution and I will be prohibited from participation in
community programs unless or until I complete the Drug Education
Course.

I understand and consent to the release of information specified
below by Bureau of Prisons staff to the appropriate U.S.
Probation staff, Community Corrections Staff, and Treatment
Program Staff for the purpose of developing a treatment plan.

The extent and nature of the information to be disclosed includes: substance abuse history; drug program assessment summary; treatment progress; relapse prevention plan; and recommendations for continued treatment.

### AGREEMENT/SIGNATURE

I have read, or have had this document read to me, and I understand and agree to the rules and regulations for participation in the treatment option(s) I have initialled in the box(es) above.

FREDDIE FLORES
Inmate Name Printed

_Freddie Flore_
Inmate Signature

01088-093
Register Number

May 4, 1999
Date

Clare Taylor
Staff Name Printed

_Claire Pyle, CDC_
Staff Signature

Sub Abuse Ed Fac
Staff Title

5-4-99
Date

(END FORM)

(This form may be replicated via WP)

# DRUG USE REVIEW/REFERRAL FORM

SCC 4

1. Inmate Name: __FLORES__    2. Unit: MCSH

3. Reg. No: __01088-093__    4. Today's Date: 1-27-96

5. Staff member completing form: __Cansino__

6. Is inmate a new arrival?  Yes: _X_   No: _____
   If yes, what is inmate's ARS date: _____

7. Was inmate sentenced after October 1, 1991?  Yes: _X_  No: _____
   (If sentenced before this date, Drug Education for the identified
   inmate is voluntary and not required.)

8. According to the J&C or other documents from the Judge in this cas
   did the Judge recommend Institutional Drug Treatment for this inma
   Yes: _____   No: _X_   *

9. According to official documents in the Central File or as indicate
   SENTRY, was alcohol or drug use a contributing factor for a violat
   of supervised release or parole for the inmate:  Yes: _____   No: _X_

10. Is there evidence in the pre-sentence investigation that drug or
    alcohol use contributed to the commission of the instant offense?
    Yes: _____   No: _X_   *

11. In review of the Central File, is there evidence that the inmate h
    history of alcohol or other drug use?  Yes: _____   No: _X_

12. Has the inmate expressed an interest in participating in Drug
    Education or treatment?
    _____   Yes, he/she voluntaered.
    _____   Yes, but only after being told that his/her programming
              would effect unit team decisions.
    _____   No, he/she stated he/she did not want drug programming.

13. Do you recommend that the Drug Abuse Treatment Staff conduct furthe
    evaluation of this inmate for drug treatment programming?
    Yes: _____   No: _X_

## SENTRY CATEGORIES

* If question #7 is answered "YES" and question #8, #9, or #10 is
  answered "YES", Drug Education is required, and SENTRY category DR
  REOD should be entered.

      If inmate is not required to take Drug Education, but he
      indicates a desire to participate in drug programming (per
      questions #12), enter SENTRY category DRG I VOL.

ORIGINAL:  Central File
COPY:  Drug Abuse Coordinator

# UNITY-SERVICE-RECOVERY

## CERTIFIES THAT

FROM 3-21-11 TO 6-13-11

Freddie Flores 01088-093

HAS SUCCESSFULLY COMPLETED

24 HOURS OF

# ALCOHOLICS ANONYMOUS



# T.C.I. EDUCATIONAL SERVICES
## CERTIFICATE OF ACHIEVEMENT

Presented To

*Freddie Flores*

01088-093

In Recognition of Completion

*Beginning Arabic Language Course*

On This 5th Day of February in the Year Two Thousand and Thirteen

Taft, California

G. Robinson, Vocational Instructor



Certificate of Achievement

is awarded to

*Freddie Flores*

for having successfully completed the

100-Hour

Basic Conversational
Spanish

On this day January 27, 1999

Oscar Alvarado, Instructor

James Moyle, Supervisor

Keith Frazier, Director of Education

GA75-550



# Certificate
## of
# Achievement

This certifies that

**Freddie R. Flores**

has successfully completed the

*Advanced Conversational Spanish*

at

*Taft, California*

*June 9, 1999*

_____
James Moyle Supervisor

_____
Keith Frazier Educational Director

GA75-421

©WOLCOTTS INC. 1988 LITHO IN U.S.A.

# TCI

*TAFT CORRECTIONAL INSTITUTION*

## Certificate of Completion

40 HOUR DRUG EDUCATION  CHOICE AND CHANGE  PROGRAM

AWARDED TO:

# FREDDIE FLORES

AWARDED THIS 13TH DAY OF JULY, 1999

Andrew Griffin, Teacher
Clair Taylor, Substance Abuse Facilitator

Keith Frazier, Director of Education

# WCC/T.C.I. EDUCATIONAL SERVICES
## CERTIFICATE OF ACHIEVEMENT

*Presented To*

# Freddie Flores

*In Recognition of Completion of*

## Adult Basic Education

Given at Taft, California on September Twenty First, Two Thousand and One

Michelle Gerry, GED Coordinator

John F. Runyon, Director of Education



# MEMORANDUM



**GLOBAL EXPERTISE IN OUTSOURCING**

Date: January 28, 2004

The GEO Group, Inc.

TAFT CORRECTIONAL
INSTITUTION
1500 Cadet Rd.
P. O. Box 7000
Taft, CA 93268

To: Whom It May Concern

From: C.A. Lose, Psy.D.

RE: ANGER MANAGEMENT PROGRAM: <u>CAGE YOUR RAGE</u>

---

Mr. Freddie Flores (REG# 01088-093) has been an active participant in the

Anger Management program at TCI. He has attended 10 weeks of sessions,

completing 15 hours of study. Mr. Flores thoughtfully completed all written

assignments and offered some of his thoughts and feelings during discussions.

It is with great pleasure he is awarded a Certificate of Completion.

AD-001a Rev. 12/08/03



# CERTIFICATE OF PARTICIPATION

## Freddie Flores

## has successfully completed 10 weeks

## of examination and discussion

## of techniques for the management of anger

*Cynthia A Lose*

Cynthia A Lose, Psy.D.
Staff Psychologist

03/02/05



**T.C.I. EDUCATIONAL SERVICES**
**CERTIFICATE OF**
**ACHIEVEMENT FOR WELLNESS**

*Presented To*

# Freddie Flores

*In Recognition of Completion*

*Walking Course*

On This Twenty-Second Day of October, Year Two Thousand and Four
Taft, California

_____
K. Helminski, Education

_____
M. Hampton, Recreation Supervisor

01088-093

# CERTIFICATE OF COMPLETION

This document certifies

## Freddie Flores

for completing all required training,
and demonstrating knowledge and skill
in the Beginning Cross Stitch Class in
the Hobby Shop program at FCI Low Lompoc

August 26, 2009

_____
J. Brady
Sports Specialist

# Certificate of Completion

## Freddie Flores

has completed all required coursework
for the ACE Refresher Writing
offered by FPC La Tuna's
Education Department.



D. Wolf, Camp Education Coordinator

October 18, 2010



# Certificate of Completion

**Freddie Flores**

has completed all required coursework
for the ACE Refresher Writing
offered by FPC La Tuna's
Education Department.

D. Wolf, Camp Education Coordinator

October 18, 2010

# UNITY-SERVICE-RECOVERY

## CERTIFIES THAT

FROM 1-3-11 TO 3-21-11

Freddie Flores

HAS SUCCESSFULLY COMPLETED

12 HOURS OF

01088-093

# ALCOHOLICS ANONYMOUS

# UNITY-SERVICE-RECOVERY

## CERTIFIES THAT
FROM 3-21-11 TO 6-13-11

Freddie Flores    01088-093

HAS SUCCESSFULLY COMPLETED

24 HOURS OF

# ALCOHOLICS ANONYMOUS

# UNITY-SERVICE-RECOVERY

## CERTIFIES THAT

### FROM 9-5-11 TO 11-28-11

Freddie Flores          01088093

HAS SUCCESSFULLY COMPLETED

__46__ HOURS OF

# ALCOHOLICS ANONYMOUS



# T.C.I. EDUCATION DEPARTMENT

This is to certify that

## ROBERT FREDDIE FLORES

Has fulfilled the requirements for completion

Of

## HERBOLOGY

December 21, 2012

J. Ruiz Vocational Instructor

UNITY-SERVICE-RECOVERY

CERTIFIES THAT

FROM 9-5-11 TO 11-28-11

Freddie Flores  01088093

HAS SUCCESSFULLY COMPLETED

46 HOURS OF

ALCOHOLICS ANONYMOUS



# T.C.I. EDUCATION DEPARTMENT

This is to certify that

## ROBERT FREDDIE FLORES

**Has fulfilled the requirements for completion**

Of

## HERBOLOGY

**December 21, 2012**

J. Ruiz Vocational Instructor

# T.C.I. EDUCATIONAL SERVICES
## CERTIFICATE OF ACHIEVEMENT

Presented To

*Freddie Flores*

01088-093

In Recognition of Completion

*Beginning Arabic Language Course*

On This 5th Day of February in the Year Two Thousand and Thirteen

Taft, California

G. Robinson, Vocational Instructor

# M.T.C. EDUCATIONAL SERVICES
# CERTIFICATE OF ACHIEVEMENT

*Presented to*

*Freddie Flores*

*01088-093*

## In Recognition Of Participation And Completion Of

## Health & Wellness Program

On This 26th Day Of March In The Year Two Thousand And Thirteen

Taft, California

*G. Robenson*
_____

G. Robinson, Program Sponsor

# T.C.I. EDUCATIONAL SERVICES
## CERTIFICATE OF ACHIEVEMENT

Presented To

*Freddie Flores*

01088-093

In Recognition of Completion

*Health & Wellness Course*

On This 11th Day of March in the Year Two Thousand and Fourteen

Taft, California



_____
G. Robinson, Vocational Instructor

# T.C.I. EDUCATIONAL SERVICES
## CERTIFICATE OF ACHIEVEMENT

Presented To

*Freddie Flores*

01088-093

In Recognition of Completion

*Health & Wellness Course*

On This 28th Day of May in the Year Two Thousand and Fourteen

Taft, California

G. Robinson, Vocational Instructor



A
IL

# TCI

*TAFT CORRECTIONAL INSTITUTION*

## Certificate of Completion

### 40 HOUR DRUG EDUCATION   CHOICE AND CHANGE   PROGRAM

AWARDED TO:

# FREDDIE FLORES

--------------------------------------------------------------

### AWARDED THIS 13TH DAY OF JULY, 1999

Andrew Griffin, Teacher
Clair Taylor, Substance Abuse Facilitator



Keith Frazier, Director of Education

Freddie Flores
P.O. Box 7001-#01088-093
Taft CI
Taft, CA 93268-7001

USMS
11-10-14

United States Attorneys Office
520 W. Soledad Ave.
Hagatna, Guam 96910-4950

# RECEIVED

NOV 12 2014

DISTRICT COURT OF GUAM

